[Cite as *State v. Richey*, 2014-Ohio-2866.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.     13CA0031 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| KATELYN RICHEY | WAYNE COUNTY MUNICIPAL COURT COUNTY OF WAYNE, OHIO |
| Appellant | CASE No.     CRB-12-12-01779 |

DECISION AND JOURNAL ENTRY

Dated: June 30, 2014

HENSAL, Presiding Judge.

{¶1}   Katelyn Richey appeals her conviction for petty theft in the Wayne County Municipal Court.  For the following reasons, this Court affirms.

I.

{¶2}   Sonja Ray testified that from April to December 2012, she worked as an Asset Protection Officer for the Wal-Mart store in Wooster.  On November 11, 2012, she was on-duty, dressed in plain clothes, when Ms. Richey stopped her to ask her about her children, whom she had not seen in a long time.  According to Ms. Ray, they were in the bedding area of the store and, as they talked, she saw Ms. Richey take a set of sheets from one of the shelves.  After they finished talking, she saw Ms. Richey walk around a corner and put the sheets in her purse.

{¶3}   Ms. Ray testified that she began following Ms. Richey through the store and watched her buy a bottle of pop.  As Ms. Richey exited the store, Ms. Ray hailed her and asked her to return to the store.  When Ms. Richey refused, Ms. Ray followed her outside.  She saw

Ms. Richey take the sheets out of her purse and throw them in a trash can that was in front of a neighboring storefront. After Ms. Richey left the area, Ms. Ray retrieved the sheets from the trash can and called the police.

{¶4} The State charged Ms. Richey with petty theft under Revised Code Section 2913.02(A)(1). Following a trial to the bench, the municipal court found her guilty of the offense, and sentenced her to thirty days in jail. Ms. Richey has appealed her conviction, assigning as error that it was not supported by sufficient evidence.

II.

ASSIGNMENT OF ERROR

THE EVIDENCE IS INSUFFICIENT TO SUSTAIN A FINDING OF GUILTY AND AS A RESULT THE FEDERAL CONSTITUTION AND OHIO CONSTITUTION REQUIRE THE CONVICTINO (SIC) TO BE REVERSED WITH PREJUDICE TO BAR FURTHER PROSECUTION.

{¶5} Ms. Richey argues that the State did not present enough evidence to convict her of theft. Whether a conviction is supported by sufficient evidence is a question of law, which this Court reviews de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In making this determination, we must view the evidence in the light most favorable to the prosecution:

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶6} Revised Code Section 2913.02(A)(1) provides that "[n]o person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * *[w]ithout the consent of the owner or person authorized to give

consent[.]" "A person acts purposely when it is his specific intention to cause a certain result * * *." R.C. 2901.22(A). "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B). "Purpose or intent can be established by circumstantial evidence." *State v. Shue*, 97 Ohio App.3d 459, 466 (9th Dist.1994).

{¶7} Ms. Richey argues that she was convicted on mere speculation because the State did not submit a video of her placing the sheets into her purse or discarding them in the trash can. She notes that she did not set off any anti-theft devices as she exited the store. She also notes that no one looked into her purse or inventoried its contents and that she did not confess to the crime. Ms. Ray also admitted that, when she saw Ms. Richey allegedly put the sheets into her purse, she could only see Ms. Richey from the side.

{¶8} Ms. Richey's argument is without merit. Ms. Ray testified that she saw Ms. Richey take a set of sheets off a store shelf, put them in her purse, and, later, leave the store without paying for them. When asked to return to the store, Ms. Richey refused, and left the grounds of the store with the sheets in her possession. Viewing Ms. Ray's testimony in a light most favorable to the State, it established that Ms. Richey knowingly exerted control over the sheets without the consent of Wal-Mart and that she intended to deprive the store of them. Her conviction, therefore, is supported by sufficient evidence. Ms. Richey's assignment of error is overruled.

### III.

{¶9} Ms. Richey's conviction is supported by sufficient evidence. The judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
WHITMORE, J.
CONCUR.


APPEARANCES:

WESLEY JOHNSTON, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellee.